IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WELDON, #Y45784, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 21-cv-01313-JPG |
| | ) |
| RICHARD WATSON, | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff Willie Weldon brings claims against Sheriff Richard Watson for the denial of medical care for a concussion, broken arm, and bruising that occurred during his arrest in March 2019. (Docs. 1-2). According to the Complaint, he received inadequate treatment for all of these injuries at St. Clair County Jail ("Jail"). (Doc. 2, p. 6). He seeks money damages from the sheriff. (*Id*. at 7).[1]

This matter is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune

---

[1] This case was severed from *Weldon v. Cahokia Police Dep't*, Case No. 21-cv-00684-JPG (S.D. Ill. filed June 22, 2021) ("original case"). The original case involved claims against the arresting agency, *i.e.*, Cahokia Police Department, arising from excessive force, and claims against the holding agency / sheriff, *i.e.*, Sheriff Richard Watson, for the denial of medical care. (Doc. 1, original case). The Court dismissed the excessive force claims against Cahokia Police Department at screening and severed the medical claims against Sheriff Watson into this separate lawsuit. (Doc. 14, original case). Plaintiff was given an opportunity to file an amended complaint to replead the excessive force claims in the original case, but he failed to do so and that case was dismissed. (Docs. 15 and 16, original case). This severed case focuses only on the medical claims against Sheriff Watson. (*See* Doc. 14, original case).

1

defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The Complaint sets forth the following allegations regarding Plaintiff's denial of medical care at St. Clair County Jail (Doc. 2, p. 6): During his arrest in March 2019, Plaintiff sustained injuries that included a concussion, broken arm, and bruising, among other things. He was taken to St. Clair County Jail and placed in a lockdown block but denied medical treatment for two days. During this time, Plaintiff also suffered additional injuries when he fell from his bunk, hit his face on a table, lost consciousness, and awoke to find lacerations on his head and face. Only then was Plaintiff taken to an outside hospital for treatment in an emergency room, before returning to the jail and placed in the infirmary for nearly four months. (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court recognizes the following claim:

**Count 1:** Sheriff Watson denied Plaintiff medical care for injuries he sustained during his arrest in March 2019, in violation of Plaintiff's rights under the Fourth, Fourteenth, or Eighth Amendment.[2]

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

---

[2] The legal standard that governs this claim depends on Plaintiff's legal status when his claim arose. The claim is governed by the Fourth Amendment for an arrestee, Fourteenth Amendment for a pretrial detainee, or Eighth Amendment for a convicted person. *See Currie v. Chhabra*, 728 F.3d 626, 628-29 (7th Cir. 2013).
[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Count 1 does not survive screening against the sheriff.  Although he is named as a defendant in the case caption and list of defendants, the Complaint contains no allegations against him.  The allegations do not refer to him by name, suggest that he knew about the injuries, or describe the acts or omissions on his part that resulted in any violation of the plaintiff's rights.  Without this basic information, the Court is unable to determine whether conduct on the part of the sheriff, as an individual, supports a plausible claim against him.

Merely listing a potential defendant's name in the case caption is not enough to state a claim against that person.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Section 1983 creates a cause of action based on personal liability and predicated upon fault.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).  An individual defendant cannot be liable under Section 1983, unless he or she causes or participates in the constitutional deprivation.  *Id*.  The doctrine of *respondeat superior* is not recognized under Section 1983, so the allegations must suggest that each individual defendant was involved in a constitutional deprivation.  Plaintiff need not go into great detail.  He need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); FED. R. CIV. P. 8(a)(2).  Plaintiff's Complaint falls short of articulating a claim against the sheriff at this stage, so Count 1 shall be dismissed.

### Disposition

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against **RICHARD WATSON**.  The Clerk's Office is **DIRECTED** to **TERMINATE** this defendant as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" against those defendants who were involved in his denial of medical care at St. Clair County Jail on or before **March 14, 2022**. If he does not know their identity, Plaintiff should refer to the individuals using a generic name (*e.g.*, John/Jane Doe 1, John/Jane Doe 2, etc.) and briefly explain what each individual did, or failed to do, in violation of his rights. If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Because Count 1 was dismissed for failure to state a claim upon which relief may be granted, the dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to provide Plaintiff with this Court's standard civil rights complaint form for use in preparing a First Amended Complaint. If he does choose to proceed with this action, it is strongly recommended that Plaintiff use this civil rights complaint form. He should label the form "First Amended Complaint" and list the case number for this action (No. 21-cv-01313-JPG) on the first page.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/14/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**